All right, we're ready for argument now in Taizhou Yuanda Investment against Z Outdoor Living. Ms. Buechert. Good morning, your honor. May it please the court. The district court erred where it dismissed the common law fraud and conversion claims of Taizhou Yuanda Investment Group and Taizhou Yuanda Furniture brought against the corporate and individual defendants. To make it easier on everyone this morning, I'm going to refer to Taizhou Yuanda as TZY. After the district court dismissed TZY's fraud and conversion claims, TZY moved forward with its breach of contract claims against the corporate defendants. TZY's complaint contended that the defendants sold them a series of lies in 2018 and 2019 so that TZY would continue to accept new purchase orders and produce more furniture and defendants could put millions of dollars in their pockets by selling that furniture here in America. During the course of discovery, TZY confirmed that the fraud allegations in its complaint were true and that defendants were lying to them and making these claims at a minimum well played. This court should reverse the district court's dismissal of count six, seven, and eight of the amended complaint and allow TZY to pursue its common law fraud and conversion claims against the defendants. According to this court, to survive a motion to dismiss, all TZY had to do was allege enough facts to state a claim of relief that is plausible on its face. Before you go too far into the details of that, can I ask you, in light of the 17 million dollar contract claim recovery that you've received a judgment on, what's the fraud claim aiming at? What are you trying to recover? Your honor, the breach of contract claim damages are, they're part of the fraud claim and they're part of the conversion claim, but they're not the only part. The Wisconsin Supreme Court has said that just because the fraud claims and conversion claims include breach of contract claims, that is not... Understood. What do you, what do you, because the 17 million dollar contract recovery covers those contracts that you allege were fraudulently induced, as I understand the record. So is this about punitive damages or what is this about at this point? It's going to be about some of the, it's going to be about the lost manufacturing capacity, it's going to be about the materials, it's going to be about the attorney's fees, it's going to be about some punitive damages, and ultimately your honor, this case was dismissed at the pleading stages. We never got to do any discovery on the fraud claims and on the conversion claims. And so what we'd like to do is go back and do some discovery about the conduct of the individual defendants, about the conduct of the corporate defendants as to these conversion claims. Let me ask you a version of Judge Scudder's question. It seems to me that you're trying to use a fraud theory to obtain contract damages against managers and investors in a failed corporation. Are you contending that the managers and investors, the remaining individual defendants, could be liable on a veil-piercing theory, could be directly liable for the corporate debt? Your honor, at this point in time, we just don't know. At this point in time, look, you have to know what you are contending. Are you contending that? I looked at your brief to see if there was a veil-piercing argument and didn't see it. Have I missed something? Your honor, these people, the individual defendants are the owners, they're the chief officers. The answer to my question is yes or no. You're contending it or you aren't. If there's some ambiguity about that, then you might be able to explain. But are you contending it or are you not? Yes, your honor. All right, then have I missed something in your brief in which you make a veil-piercing argument? It is not in the brief that we specifically make a veil-piercing argument. What you're contending in the court of appeals is what's in your brief, right? I ask this question precisely because this is the sort of argument I would expect to see in a brief in a case like this. I didn't see it and it led me to wonder whether I have missed something, which appears to be a core argument, but you tell me I haven't missed anything. Well, your honor, we have not been able to do the discovery as of yet against these individual defendants. You can make such an argument and then ask for discovery about it, but if you don't make such an argument, then you haven't made such an argument. The reason I asked you the question is similar as I'm trying to figure out what is this about at this point in time. What are we litigating over? Well, your honor, we're litigating over the common law fraud and conversion claims that we weren't able to do discovery over. It was only through the, we were able to go forward against the corporate defendants on these breach of contract claims, and it was only through doing discovery on the breach of contract claims that the defendants actually admitted that the fraud that was alleged in the dismissed complaint was actually true. And so we weren't actually... So it sounds to me like, including in response to Judge Easterbrook, that this is about punitive damages against individuals because plant capacity, the recovery for lost plant capacity is inherent in your contract recovery. Well, your honor, in the Bruce City case, the Supreme Court of Wisconsin talked specifically about that the financial and other injuries that are set forth in a breach of contract case doesn't limit someone to making an economic damages or an economic loss came. So just because that is the basis of a fraud claim or a basis of a conversion came or something like that, doesn't just limit you to an economic loss claim that it can go beyond that. And when you look at the allegations in our complaint, it says that our damages include... Let me ask you a completely different question. I appreciate that Wisconsin does not apply its economic loss doctrine to claims of fraud in inducement. And your brief emphasizes a fraud in the inducement claim about the second round of purchase orders. My question is whether such an argument was made in the district court. Your adversary says no. I'd like to pursue that issue. Yes, your honor. TZY pled that it relied upon the misrepresentations. Look, counsel, please listen to my question. Pleadings don't make legal arguments in the district court. I'm not asking what was in your pleadings. There was a motion to dismiss. There are arguments made in response. The question I'm asking is whether in addressing the defendant's motion, you distinguished the second round of purchase orders from the first and made an express fraud in the inducement argument. Your honor, I'm not sure if it was as expressed as using the words 2019 purchase orders, but I believe when you look at what was pled and what was argued, it is pretty clear that the manufactured products, what was purchased and what was manufactured and the way we relied on those things, that is what was pled before the district court. And then when we're here on appeal, given the longstanding seventh circuit precedent that we can fill in the blanks for this court and give the court the additional facts that we have been discovered that were true and that we can fill in the blanks for the court as to how we did rely, that's what we've done here in this court. It's the motion to dismiss stage. The court was able to or should have just assumed that those facts were true for purposes of the motion to dismiss. And this court doesn't have to do that. I still think you're not addressing my question. A district court has to assume that all facts properly alleged are true. The question I'm asking is whether you made a particular legal argument in the district court along the lines of fraud in the inducement and distinguishing the second set of purchase orders from earlier ones. Your appellate brief has done that. I'm asking whether that was done in the district court. Your honor, I don't know that we were required to do so with such specificity under the under the the rules below. I think that we pled that we relied. We pled the misstatements. We pled that we relied and I don't think that under 9b we had to exactly make that argument. You're not listening. A district court is entitled to have lawyers address the substance of legal arguments made before it. The defendants made particular arguments. A plaintiff can't just say see my complaint otherwise I am saying nothing. That's essentially what you're telling me that that's all a plaintiff need to do in the district court when the defendants file a concrete motion. Well that's not true. You have to make concrete arguments to the district judge so that the make a correct decision before the case comes to the court of appeals. That's why I'm asking whether arguments were made along these lines. Please do not again say well we filed a complaint. I thought your answer to Judge Easterbrook might be that the district court so understood your case and the reason I I wondered whether that might be your answer is because on page 12 of the district court opinion the district court doesn't go quite as far as Judge Easterbrook's questions are going but gets pretty close to describing the argument that way. That's how I thought you might respond to him. Your honor I think that that's what the parties seem to all understand where this is going. I think that it is a bit disingenuous here for the plaintiffs to be saying you know gotcha you didn't plead this with specificity or you didn't make this argument with specificity also because here we are having gone through this discovery and having had the corporate defendants admitting exactly what we have pled in our complaint. You're not right there I can assure you. Their arguments are not unfair. Okay you're just being asked a question about what are what you argued in the district court and did you preserve the argument that you're that you're now making in the court of appeals that's the only question you're being asked. Well your honor I believe that it's not a matter of not a matter of fairness and unfairness that your adversary is making entirely fair arguments and we're just asking what's your response to it. Well below I believe that your honor we have made below and now that our argument has always been that the economic loss doctrine doesn't apply because the fraud and the inducement exception applies and the non-economic damages exception applies to both of those to both of our fraud claims and to our um and our conversion claims and your honor um I see that I have about two minutes left in my argument and I counsel Ms. Rome. May it please the court my name is Erin Rome and I represent Don Corning, Aaron Corning, Kendra Farley, and Pete Hill who I refer to as the individual defendants and I will refer to the appellants collectively as TZY. As the district court recognized this is a breach of contract case however rather than stick to contract law remedies TZY is continuing its attempts to layer tort claims on top of contract claims to obtain remedies the parties never bargained for. As the court has recognized one of those remedies is an attempt to use tort claims to obtain personal guarantees from the individual defendants even though this is something the parties never bargained for in their contracts. Allowing a commercial entity to sue the employees of a which is what Wisconsin's economic loss doctrine is designed to prevent against. The economic loss doctrine applies here and TZY's fraud and conversion claims are barred. I will start my argument with the economic loss doctrine because that's really the heart of this case on appeal and whether that applies turns on two exceptions as have been alluded to. The first exception is the fraud and the inducement exception which deals with whether the fraud the alleged misrepresentations are interwoven with or extraneous to the contract. This can get a little bit opaque in the case law and in the briefing but I think this court's decision in Shriver Foods sets out some helpful guideposts in determining whether a statement is extraneous or interwoven with the contract. In Shriver Foods this court said we look at three things whether the risk was contemplated by the contract, whether the matter was actually dealt with in the party's contract, and whether the matter is one one would expect to be dealt with in the contract. Shriver Foods emphasized that last piece and I think that's really key here. When we look at TZY's complaint we're dealing with two broad categories of statements. The first is statements dealing with promises to pay on purchase orders and the second is statements relating to setting up a bank account. Taking the first category of statements first, promises to pay are nothing more than a promise to honor the contract itself. Those types of statements are directly interwoven with the contract and not extraneous to the contract. Here we have a series of interrelated contracts where the parties agreed that TZY would build furniture to be resold by the defendants and that TZY would be paid for that. What we're dealing with is a failure to pay which is a breach of contract claim. As to the second category of statements dealing with the bank account, that directly relates to the method of payment and also the those types of matters particularly the risk of non-payment. It's such a salient risk that we expect the parties to deal with that in their contract. I think that's particularly true here when you look at the allegations in TZY's complaint. TZY says that in 2018 from the very beginning of the party's relationship Z Outdoor was behind on its payments and that by the end of 2018 when this bank account was being discussed Z Outdoor was three million dollars behind in when you have that substantial risk of non-payment. That's the type of term we would expect to be inserted into a party's contract especially where you have an international contract for the shipment of goods on this scale. Ms. Roem can you, I totally understand why you're focusing on Shriver. Can you talk for a second about Kaladi Enterprises and in particular some of the aspects of the complaint and I'm thinking about paragraph 39 in particular. I think it's the first amended complaint. There are several paragraphs sub-paragraphs within 39 that are backward looking and the point not so much forward looking. I understand why you're making the forward looking argument but on the backward looking aspect of it they're backward looking trying to give assurance that you're going to get paid on the contract to induce future contracts. That's what your adversary says creates the daylight for the fraud and the inducement exception to apply under the reasoning of the Wisconsin Supreme Court and Kaladi Enterprises. What's your response to that? Yes your honor. In terms of the the fraud and the inducement exception applying to risks that are not anticipated where someone induces another person to act on a matter that isn't addressed with the contract and a risk that's not anticipated. Right so Kaladi couldn't have pled a contract claim that's why the fraud claim is recognized. Right that's descriptive of it but what do you do about under the reasoning of Kaladi the backward looking statements at issue here? The ones that are trying to provide assurance about payment or you know there's been a mix up there's a delay or you know what I'm talking about it's all the stuff in in the complaint. Yes your honor. So TZY has attempted to make a distinction between statements relating to these past purchase order contracts and the future purchase order contracts and saying that you know the statements relating to the past contracts are beyond the four corners of the future contracts. When you look at the nature of the party's relationship here we have an overarching contractual agreement that set out in the party's cooperation agreement which was the foundational contract that said TZY is going to manufacture this furniture ship it to the U.S. The outdoor is going to sell it. It has terms in there about margins it has terms in there about payment within 10 days and then the party say we're going to reduce that into these purchase orders. That is all one broad overarching contractual relationship and all of the statements that we have here go to that contractual relationship. So I think the distinction between past purchase order contracts and future purchase order contracts are you know it's a distinction without a difference because we have one contractual relationship here and all of these statements center on that. Are you saying that if there is a framework contract then it is impossible legally impossible to make a fraud on the inducement argument with respect to a new purchase order? If the new if the person placing the new purchase order says well we know we haven't paid in the past but we double promise you that we're going to pay in the future and the person making that statement subjectively intends not to keep the promise. Are you saying that under those circumstances it is legally impossible to make a fraud on the inducement argument? Under the way that the Wisconsin Supreme Court has interpreted the fraud in the inducement exception and whether statements are interwoven or extraneous to the contract those statements are interwoven with the performance of the contract. I wish you would answer my question. I'm not asking whether Jones is interwoven with Smith or something else. I'm asking whether you think that as a matter of law a buyer of goods is free to lie about its plan to pay to induce a shipment by lying and then say ha ha ha in Wisconsin we're free to do that. Is that the law in Wisconsin? Now if it is presumably some case can be cited for that proposition. I understand the concern and the question your honor. What what we're dealing with here are. I'm not asking about what we're dealing with here. I'm well aware of the facts of this case. I wish you would address my question. Your honor I you know I go back to what the purpose of the economic loss doctrine is. I'm not asking about the purpose of the economic loss doctrine. Fraud in the inducement claims are outside the economic loss doctrine. I am asking about the status of fraud in the inducement claims in Wisconsin and whether there is some Wisconsin case holding that if the parties are already involved in some business relationship the fraud on the inducement doctrine vanishes. That seems to be your argument and I'm asking whether that is indeed the law of Wisconsin and if it is where I should go to see that. Your honor I'm not aware of a Wisconsin case directly saying that and if that's the argument that has come across that's not the argument that I'm trying to make that the you know that the that the exception banishes. Take paragraph 39i. I know I understand your argument Ms. Roem. I totally get it. You're saying you got to view it in its totality. You can't slice it up and dissect it like this. Okay but take 39i. The check is in the mail and the reason you don't see it in your account is because the banks in the United States were closed yesterday. Okay the allegation is that that was that was intentionally false. Okay so use that as your example. Okay I forget everything else for a second and then consider Judge Easterbrook's question. That statement the banks were closed yesterday that's why you didn't get your check. Right that has nothing to do with tomorrow's purchase order. That has to do with payment on yesterday's contract. Does that fit or not fit under the fraud and the inducement exception that the Wisconsin Supreme Court discussed in Kaladi? This does fit within the fraud and the inducement exception because it relates to the performance of a contract. I mean it relates to the performance of the party's contract and a payment obligation which is inherent in the contract itself. In yesterday's contract right? Part of the problem here is that we don't have any identification in the complaint of what contracts were allegedly induced. So it makes it hard. Why is that required in a complaint? It makes it hard to parse the fraud and the inducement exception here. Did you file a motion for a more definite statement under rule 12? C I think it is. No your honor we filed a motion to dismiss. If you want more details the rules provide a procedural mechanism for that. It's a little late to say the complaint should be dismissed because it didn't have more details. From my perspective it probably had too many. It's not a short and plain statement. Returning to the the issue of the fraud and the inducement exception what we're looking at here are statements relating to the contracts between the parties and what TZY is attempting to do with its fraud claims now by layering tort claims on top of contract claims is to seek remedies the TZY is attempting now to use its tort claims to obtain personal guarantees from the individual defendants even though this is something the party has never bargained for. If TZY had bargained for this there would have been some type of a negotiation but that did not happen. When we look at this court's decision in Schreiber Foods the court talks about other alternative means that are available in contract law that the parties could avail themselves of such as a letter of that happened here and TZY is now seeking to impose additional remedies that it never bargained for by using tort law in place of contract law. You might you very well could prevail here I don't know okay but you it's hard to fault them for being troubled by some of the deposition testimony they heard right and caring about a fraud claim. I mean some of your clients did not help themselves with their deposition testimony vis-a-vis the plaintiff's desire to pursue a fraud claim. Yes your honor I understand that concern that happened months after the motion to dismiss was decided and deals with materials that are outside of the complaint. It may but I mean as far as like you know asking us everybody asking us to take stock of the commercial context and what happened here your adversary has some deposition testimony that would trouble her client. Yes your honor and I understand that that TZY has also already obtained a substantial judgment in this case and that was tied to its breach of contract claims and additional fraud claims that it was permitted to pursue against a host of corporate defendants. So it has been permitted to pursue contract and fraud claims. I see that I just have 30 seconds left and would like to conclude. In sum this is a commercial dispute governed by contracts. TZY is attempting to opt out of contract law in favor of tort law. Wisconsin's economic loss doctrine is designed to prevent against this and the individual defendants ask that this court uphold the district court's decision applying the economic loss doctrine. Thank you. Thank you Ms. Rhone. Ms. Bukite anything further? Yes your honor the defendants rely on Shriver Foods to argue that the fraud issue relates to the issue of non-payment and that TZY should have somehow negotiated against the risk of non-payment in the contract. First of all that decision was based on a summary judgment record not a motion to dismiss record and that this court was able to decide what the party should have included in the contract was an appropriate question because the court had the benefit of discovering a full summary judgment briefing. Here again our case was decided on motion to dismiss and again TZY hasn't been permitted to do any discovery on the fraud or conversion claims. So any question of what should the party should or shouldn't have included in their contract or what TZY should or shouldn't have insisted or should or should have done to protect themselves that would be a question more properly decided after the parties have been able to do discovery or could do on summary judgment. Second Shriver dealt with a single contract where the misrepresentation issue dealt with a contract that was allegedly induced by that misrepresentation. Here as we've discussed there were multiple contracts and multiple entities. More importantly the misrepresentation issue regarding the bank account induced future contracts. The bank account was supposedly created to deal with payments of past contracts and the bank account had nothing to do with the contracts that it induced in 2019 and thus it can't be interwoven with them for purposes of the fraud in the inducement contract. The question of shouldn't that have been in our contract that's only one of the factors that the Collodi court looked at when it was trying to decide whether it was that the misrepresentation was interwoven with or with the misrepresentation was extraneous to the contract and again the Collodi court actually reversed the trial court's motion to dismiss so the granting of dismissal and reversed for more discovery there and that's what we would submit would be more appropriate here. We respectfully request that the court reverse the district court's dismissal and remain the case for further proceedings. Thank you very much. Thank you counsel the case is taken under advisement.